Ms. Molly Dwyer, Clerk
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

Re: *Center for Food Safety v. Hamburg*, No. 15-17510 (oral argument heard on April 17, 2017)

Dear Ms. Dwyer:

Pursuant to Fed. R. App. P. 28(j) and Circuit Rule 28-6, Appellants respectfully advise the Court of *Farrell-Cooper Mining Co. v. United States Dep't of Interior,* No. 16-7061, — F.3d —, 2017 WL 3138368 (10th Cir. July 25, 2017) (attached). This decision supports Appellants' position that, under the plain language of 5 U.S.C. § 704 and *Darby v. Cisneros*, 509 U.S. 137 (1993), an agency cannot by regulation require a party to appeal a final agency action before seeking judicial review unless the action is inoperative pending the appeal. *See* Appellants' Br. 15-32.

The Tenth Circuit determined that agencies' power to require further administrative process prior to judicial review of a final agency action "is expressly cabined" by the statutory requirement to render the challenged decision "inoperative," as interpreted in *Darby*. 2017 WL 3138368, at *3; 5 U.S.C. § 704 ("agency action otherwise final is final … unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative."). Relying on *Idaho Watersheds Project v. Hahn,* 307 F.3d 815 (9th Cir. 2002), the Tenth Circuit affirmed Appellants' position that a discretionary stay provision is not sufficient to delay judicial review of agency action. 2017 WL 3138368, at **4-6, 10; Appellants' Br. 20-24. Thus, because the agency's decision in *Farrell-Cooper* was not automatically stayed or otherwise rendered inoperative pending administrative appeal, the plaintiff was not required to exhaust administrative appeals but instead could seek immediate judicial review. *Id.* at *7.

Applying the doctrines of finality and exhaustion, the Court concluded that as "[t]he *Darby* Court … explained … '[a]gencies may avoid the finality of an initial decision' only by making it inoperative pending appeal." *Id.* (*citing Darby*, 509 U.S. at 152). As relevant to Appellants' position, the Court established that the inoperative requirement keeps "agencies from enforcing initial decisions while a mandatory administrative appeal is pending, which would effectively insulate such decisions from judicial scrutiny." *Id.* at *1; Appellants' Br. 28.

Appellants would have cited this decision if the ruling had been issued prior to briefing deadlines.

Respectfully submitted,

 /s/ Laura J. Fox
LAURA J. FOX
PETER A. BRANDT
The Humane Society of the
United States
1255 23rd Street, NW
Washington, DC 20037
T: (202) 676-2354 / F: (202) 676-2357
lfox@humanesociety.org
pbrandt@humanesociety.org

HANNAH M.M. CONNOR
The Center for Biological
Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
T: (202) 681-1676
hconnor@biologicaldiversity.org

PAIGE M. TOMASELLI
CRISTINA R. STELLA
Center for Food Safety
303 Sacramento Street, 2nd Street
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
ptomaselli@centerforfoodsafety.org
cstella@centerforfoodsafety.org

MARIO MARTINEZ
Martinez, Aguilasocho & Lynch,
APLC
P.O. Box 11208
Bakersfield, CA 93389
T: (661) 859-1174
mmartinez@farmworkerlaw.com

*Attorneys for Plaintiffs-Appellants*